# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

ALBERT LEE LEWIS, JR.                                                                   PETITIONER
*ADC #143494*

v.                                          4:23-cv-00178-DPM-JJV

DEXTER PAYNE                                                                            RESPONDENT
*Director, ADC*

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to Chief United States District Judge D.P. Marshall Jr.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this recommendation.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

## DISPOSITION

### I.  BACKGROUND

Albert Lee Lewis, Jr. ("Petitioner"), an inmate at the Arkansas Division of Correction's Varner Supermax Unit, filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  (Doc. No. 1.)  On December 18, 2008, a Crittenden County jury found Mr. Lewis guilty of rape and kidnapping.  *Lewis v. State*, 2010 Ark. 209, at 2, 2010 WL 1838287, at *1 (Ark. 2010).  He was sentenced to life imprisonment on the rape charge and a consecutive 360 months' imprisonment on the kidnapping charge.  *Id*.  He appealed to the Supreme Court of Arkansas and

his conviction and sentence were affirmed. *Id*. at 1. Petitioner filed a *pro se* petition for post-conviction relief pursuant to Arkansas Rule of Criminal Procedure 37, and both the Pulaski County Circuit Court and Supreme Court of Arkansas dismissed the petition. *Lewis v. State*, CR-10-1172, http://caseinfo.arcourts.gov.

Mr. Lewis previously filed two federal habeas petitions with this Court based upon the same conviction, and both petitions were dismissed. *See Lewis v. Hobbs*, 2013 WL 557101 (E.D. Ark. Jan. 23, 2013); *Lewis v. Kelley*, No. 5:16-cv-00103, (E.D. Ark. June 13, 2016). Mr. Lewis appealed the district court's decision in *Lewis v. Hobbs*, 2013 WL 557101 (E.D. Ark. Jan. 23, 2013). The United States Court of Appeals for the Eighth Circuit denied a certificate of appealability and dismissed the appeal.[1] *Lewis v. Hobbs*, No. 5:12-cv-00258 (July 24, 2013). On February 2, 2017, Mr. Lewis filed an application in the Eighth Circuit requesting permission to file a successive petition in the district court, which was denied. *Lewis v. Kelley*, No. 17-1237 (8th Cir. 2017).

Mr. Lewis has now filed a third Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) He alleges: (1) ineffective assistance of trial counsel; (2) actual innocence; and (3) violation of his rights to due process and equal protection. (*Id*. at 5.) I have conducted a preliminary review of Mr. Lewis' Petition pursuant to Rule 4 of the Rules governing Section 2254 Cases in the United States District Courts. Based on that review, I recommend the Petition be DISMISSED without prejudice.

II. ANALYSIS

In accordance with 28 U.S.C. § 2244(b)(3), petitioners who have previously filed a federal habeas petition must first obtain authorization from the appropriate federal court of appeals before filing a second or successive habeas petition. *Williams v. Hobbs*, 658 F.3d 842, 853 (8th Cir.

---

[1] Mr. Lewis did not appeal the district court's decision in *Lewis v. Kelley*, No. 5:16-cv-00103, (E.D. Ark. June 13, 2016).

2011). Without an order from the court of appeals authorizing the filing of a successive petition, the district court lacks jurisdiction to hear the petition. *Burton v. Stewart*, 549 U.S. 147, 152-53, 157 (2007). A court of appeals may authorize the filing of a successive petition only if the new petition satisfies certain statutory requirements. 28 U.S.C. § 2244(b)(3)(C). Specifically, claims asserted in a second or successive habeas petition that were not alleged in a previously filed habeas petition shall be dismissed unless:

> (A) The applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

*Id.* at § 2244(b)(2).

The language of § 2254(b) is binding, and prior authorization to file a second or successive habeas petition is an absolute requisite to this Court's authority to consider a petition. 28 U.S.C. § 2244(b)(3); *see also Williams*, 658 F.3d at 853 ("A 'second or successive' habeas petition requires authorization from a federal court of appeals prior to filing."). Section 2244(b)(3)(A) "acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition" until the court of appeals has granted the petitioner permission to file. *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003). The Eighth Circuit denied Mr. Lewis' 2017 request to file a successive petition in the district court. *Lewis*, No. 17-1237. And there is nothing else in the record to indicate Mr. Lewis sought and received authorization from the United States Court of

Appeals for the Eighth Circuit before filing this Petition. Therefore, this Court lacks jurisdiction over his claims.

If Mr. Lewis wishes to pursue relief, he must first obtain permission from the Eighth Circuit to file a successive petition. *See Gonzalez v. Crosby*, 545 U.S. 524, 530 (2005) (the court of appeals must determine that successive petition meets § 2244(b)(2)'s new-rule or actual-innocence provisions *before* the district court may accept it for filing) (emphasis added). At present, this Court simply does not have jurisdiction over Mr. Lewis' claims. His Petition should be dismissed without prejudice so he may refile should the Eighth Circuit grant him permission to proceed.

### III.  CONCLUSION

IT IS, THEREFORE, RECOMMENDED that Mr. Lewis' § 2254 Petition for Writ of Habeas Corpus (Doc. No. 1) be DISMISSED without prejudice and the requested relief be DENIED.

DATED this 6th day of April 2023.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE